UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KHALAFALA KHALAFALA, | ) | 1:08-cv-00460-LJO-TAG HC |
| Petitioner, | ) ) | |
| v. | ) ) ) | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION (Doc. 1) |
| JOHN DOE, Direct of the Immigration and Naturalization Services, | ) ) ) | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE FILE |
| Respondents. | ) ) | |

Petitioner is detained by the United States Bureau of Immigration and Customs Enforcement ("ICE") and proceeds pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On March 31, 2008, the Court received the instant amended petition for writ of habeas corpus which Petitioner had filed in the Central District of California. (Doc. 1-9). Petitioner, a native of Sudan, challenges the order of removal.

**DISCUSSION**

On May 11, 2005, the President signed into law the "Emergency Supplemental Appropriations Act for Defense, The Global War on Terror, and Tsunami Relief, 2005." Division B of the Act is titled "REAL ID Act of 2005" ("RIDA"). Section 106 of the Act amended Section 242 of the Immigration and Nationality Act (8 U.S.C. § 1252) to render a petition for review to the courts

of appeal as the sole means to review an administrative order of removal, deporation, or exclusion. Section 1252(a)(5) (emphasis added) provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, <u>a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter</u>, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

In the amended petition, Petitioner alleges that his detention by ICE pending removal is based upon false and incorrect information regarding his country of origin, his age and date of birth, the manner of his original entry into the United States, and his status as a political refugee. (Doc. 1-9, pp. 9-10). Petitioner alleges that, while a student in Sudan, he was subjected to arrest and torture for professing his political views. (<u>Id</u>. at pp. 11-15). Petitioner contends that his removal from the United States would violate an international human rights treaty, which the United States has ratified, that prohibits removal of immigrants facing a threat of physical harm or safety upon return to their country of origin. (<u>Id</u>. at p. 19). Petitioner also contends that the Due Process Clause of the United States Constitution protects his rights as a political refugee. (<u>Id</u>. at p. 20). Petitioner further relies upon 8 U.S.C. § 1253(h)(1), which proscribes removal of political refugees whose life or freedom would be threatened by removal. (<u>Id</u>. at p. 22). Finally, Petitioner contends that new circumstances militate against his removal, i.e., that he has converted to Christianity from Islam, and his removal to Sudan, an Islamic country, would result in reprisals against him for his conversion. (<u>Id</u>. at p. 24). Petitioner requests relief in the form of an order terminating the removal process or, alternatively, release on his own recognizance in order to secure documentary evidence regarding his entitlement to remain in the United States. (<u>Id</u>. at p. 27).

From the foregoing, it is apparent that Petitioner is not challenging the legality of his continued detention by ICE per se, but rather the order of removal, which under RIDA, is outside of this Court's jurisdiction. Therefore, the instant petition must be dismissed. <u>Puri v. Gonzales</u>, 464 F.3d 1038, 1041 (9th Cir.2006); <u>Medellin-Reyes v. Gonzales</u>, 435 F.3d 721, 723-24 (7th Cir.2006)

1 ("Collateral proceedings filed on or after May 11, [2005], however, will be dismissed outright; the
2 window for belated judicial review has closed.").

## ORDER

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. The amended petition for writ of habeas corpus (Doc. 1-9) is DISMISSED for lack of jurisdiction;
2. The Clerk of the Court is DIRECTED to ENTER JUDGMENT and to close the file. This action terminates the action in its entirety.

IT IS SO ORDERED.

**Dated:   April 17, 2008**           /s/ Lawrence J. O'Neill
                                      UNITED STATES DISTRICT JUDGE